UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA
Western Division

**U.S.A. vs. Christopher Lamont Johnson**            **Docket No. 5:13-CR-152-1BO**
**Petition for Action on Term of Supervised Release**

COMES NOW Maurice J. Foy, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of, Christopher Lamont Johnson, who, upon an earlier plea of guilty to Distribution of Five (5) Grams or More of Cocaine Base, 21 U.S.C. § 841(a)(1), was sentenced by the Honorable Leonie M. Brinkema, U.S. District Judge (ED/VA) on March 23, 2007 to the custody of the Bureau of Prisons for a term of 92 Months Imprisonment, which was later reduced pursuant to 18 U.S.C. 3582 to a total sentence of 77 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 48 Months Supervised Release under the standard conditions adopted by the court and the following additional conditions:

1. The defendant must remain drug free and submit to mandatory drug testing for which the defendant must pay. The defendant must satisfactorily participate in, and complete, any inpatient or outpatient drug treatment to which the defendant is directed by the probation officer.
2. The defendant shall not associate with any known illegal drug users or sellers, or frequent locations known for the use or sale of illegal drugs.
3. The defendant shall make a good faith effort to pay child support.

On December 17, 2012, the defendant appeared before the court for a Revocation Hearing and was ordered to serve 45 days custody and a 4-year term of supervised release was reimposed. The following additional special conditions were also added:

1. The defendant will be on home confinement with electronic monitoring. The defendant shall abide by all of the terms and conditions of the home confinement/electronic monitoring program. The costs of the electronic monitoring are waived. Defendant may leave home for work related purposes; to attend any meetings with attorneys, the probation officer and any counselors; for legitimate medical appointments; to attend bona fide religious services, and to attend court proceedings.

2. The defendant must participate in a program approved by the United States Probation Office for mental health treatment, which program may include residential treatment and testing, all as directed by the probation officer. The defendant shall take all medications as prescribed and waive all rights of confidentiality regarding mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider. The defendant to pat costs, as directed by the probation officer.

Christopher Lamont Johnson was released from custody on 2/3/2013, at which time the term of supervised release commenced. Jurisdiction of his case was transferred to the Eastern District of North Carolina on April 16, 2013.

On April 16, 2014, the court was notified that the defendant tested positive for MDMA on March 10, 2014. The probation office recommend that the defendant be kept in the Surprise Urinalysis Program with increased testing, be evaluated for substance abuse treatment, and participate in the HOPE (Drug/Reentry Court Program). The court concurred.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On June 25, 2014, the defendant withdrew from the HOPE Program due to the programs requirements (structure) and sanctions. On July 23, 2014, he tested positive for marijuana. He is currently enrolled in the Surprise Urinalysis Program and was unsuccessfully discharged from substance abuse treatment on August 4, 2014, due to missed sessions and poor participation. To address his continued non-compliance, the probation office is recommending that he be continued in the Surprise Urinalysis Program and allowed to complete up to 90 days of electronic monitoring. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall abide by all the conditions and terms of the home detention program for a period not to exceed 90 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/Michael C. Brittain
Michael C. Brittain
Senior U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/Maurice J. Foy
Maurice J. Foy
Sr. U.S. Probation Officer
310 New Bern Avenue Room 610
Raleigh, NC 27601-1441
Phone: 919-861-8678
Executed On: August 4, 2014

**ORDER OF THE COURT**

Considered and ordered this ___5___ day of __August__, 2014 and ordered filed and made a part of the records in the above case.

Terrence W. Boyle
U.S. District Judge